```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
UNITED STATES OF AMERICA,
                                *
        v.                              CRIMINAL NO.: 08-0226
                                *
SEAN RONDELL BUNDY,
                                *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

On May 20, 2008, the Government filed an Application for a Protective Order for Substitute Asset. On July 28, 2008, the Government moved to disqualify Russell Neverdon as counsel for Sean Rondell Bundy, claiming a conflict of interest existed. For the following reasons, the Government's application and motion will be granted.

I.   Background

On August 29, 2006, the Government filed a verified complaint against $82,764.93 and $108,229.31 in U.S. Currency. *See United States v. $82,764.93 U.S. Currency*, Civ. No. JFM-06-2250. The monies were seized from Bundy's residence and bank accounts after a police investigation into a shooting on June 9, 2005 in which Bundy was the victim. Neverdon was Bundy's counsel in this matter and filed a claim for return of the money. On May 8, 2008, Bundy was arrested for possessing more than one kilogram of heroin. That same day, Harold Glaser entered his appearance for Bundy in the criminal case.

On May 12, 2008, the Government moved for an order of forfeiture pursuant to a settlement agreement under which the Government agreed to release $190,000 of Bundy's property by check payable to Neverdon.  That same day, the Honorable J. Frederick Motz signed the consent order of forfeiture.

On May 13, 2008, Bundy was indicted for possession with intent to distribute narcotics and conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841(a) and 846.  The Indictment included a forfeiture provision for all property derived from such violations, including but not limited to $300,000 and interest and proceeds traceable thereto.  The forfeiture provision pursuant to 21 U.S.C. § 853(p)[1] included

---

[1] Forfeiture of substitute property

(1) In general Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant–

>  (A) cannot be located upon the exercise of due diligence;
>
>  (B) has been transferred or sold to, or deposited with, a third party;
>
>  (C) has been placed beyond the jurisdiction of the court;
>
>  (D) has been substantially diminished in value; or
>
>  (E) has been commingled with other property which cannot be divided without difficulty.

(2) Substitute property

substitute assets.

On May 20, 2008, the Government filed an Application for a Protective Order for Substitute Asset, (1) requesting a protective order for $190,000 in the custody of the U.S. Marshals Services in Baltimore, Maryland pursuant to a forfeiture order in *United States v. $82,764.93*, and (2) directing the U.S. Marshals not to take any action to reduce the value of the asset.  On May 27, 2008, Neverdon opposed the Government's request for a protective order and sought immediate release of the funds.  On June 5, 2008, Neverdon asserted a Notice of Lien against the property subject to the forfeiture provision.  Neverdon asserted a 33 and 1/3% interest ($63,333.333) as recovery of attorneys' fees.  On June 13, 2008, Neverdon entered his appearance on behalf of Bundy in this criminal matter.[2]

In its June 29, 2008, letter to Neverdon the Government asserted a conflict of interest in Neverdon's representation of Bundy because of his claim to $63,333.33 of the assets subject to the forfeiture provision.  On July 1, 2008, Bundy signed a Notice of Release, indicating that he understood the potential conflict

---

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

[2] On July 21, 2008, the appearance of Glaser and Glaser & Solomon, LLC as counsel for Bundy was stricken.  *See* Paper No. 38.

3

of interest by Neverdon's representation and waiving the conflict.

On July 7, 2008, Neverdon requested a hearing on enforcement of the order of consent and counsel's lien and the conflict of interest. On July 28, 2008, the Government responded to Bundy's motion and requested a hearing on Neverdon's disqualification.

II. Analysis

    A.   Protective Order for Substitute Assets

Neverdon contends that the Government's Application for Protective Order should be denied, and the Court should enforce the settlement agreement in *United States v. $82,764.93* and order the Government to release $63,333.33 for his attorneys' fees. Neverdon argues that he has a legitimate interest in the monies based on work performed, and the proceeds of the settlement are not connected to any illegal activity. Neverdon also stresses that the monies were acquired and held before the Government's investigation.

The Government asserts that the $190,000 is subject to forfeiture as substitute assets because the Government has been unable to recover the assets related to the violations charged in the Indictment. The Government contends that if Neverdon has a valid claim to the seized money, he is a third party whose claim cannot be considered by the Court until an order of forfeiture is entered. *See* 21 U.S.C. § 853(k); *see also United States v.*

4

*McHan*, 345 F.3d 262, 274-75 (4th Cir. 2003).  Thus, the Court lacks authority to release the property to Neverdon until Bundy is acquitted or sentenced.

The Government has demonstrated that the $190,000 is subject to forfeiture as substitute assets under 21 U.S.C. § 853(p).  The substitute assets provision "enable[s] the government to satisfy an order of forfeiture out of property which is not otherwise subject to forfeiture."  *United States v. Swank Corp.*, 797 F. Supp. 497, 500 (E.D. Va. 1992); *In re Billman*, 915 F.2d 916 (4th Cir. 1990) (a district court may restrain, pending trial, the disposal of substitute assets which would only be secondarily forfeitable upon conviction).  The $190,000 is forfeitable as substitute assets.

When an order of forfeiture has been entered notice of the order of forfeiture will be given to the public, and Neverdon can assert an interest in the forfeited property by filing a petition under 21 U.S.C. § 853(n)(2).

B.   Conflict of Interest

The Government contends that Neverdon should be disqualified from representing Bundy because of a conflict of interest.  The Government argues that Neverdon's claim to $63,333.33 of the forfeited money may discourage him from zealous representation of Bundy.  Neverdon counters that his pecuniary interest in the forfeited property will not prevent him providing competent legal

5

advice because regardless of the outcome in Bundy's criminal case, Neverdon may pursue his interests in the forfeited property after the prosecution.

Disqualification is a drastic remedy that deprives clients of their right to freely choose their own counsel. *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995). Courts have a responsibility to "preserve the public's confidence in the judicial system." *Id.* at 304. The court should not "weigh the circumstances with hair-splitting nicety," *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1997), but it must find a "balance between the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community." *Buckley*, 908 F. Supp. at 304 (*quoting Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990)). The movant bears a heavy burden in proving that disqualification is warranted. *Buckley*, 908 F. Supp. at 304.

The Sixth Amendment right to effective assistance of counsel "encompasses the attorney's duty of loyalty to the client and, concomitantly, the duty to avoid conflicts of interest." *United States v. Magini*, 973 F.2d 261, 263 (4th Cir. 1992) (*citing Strickland v. Washington*, 466 U.S. 668, 688 (1984)). "Counsel whose interests diverge from that of the defendant-client cannot render competent legal services or give the client undivided

loyalty." *Reckmeyer v. United States*, 709 F. Supp. 680, 687 (E.D. Va. 1989). An actual conflict of interest occurs "in circumstances where a lawyer's interests are such that it is reasonable to believe that she or he would be tempted to act in a manner inimical to the client's best interests." *Id.* at 688.

Maryland Rule of Professional Conduct 1.7 governs general conflicts of interests. Under Rule 1.7(a)(2), a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's personal interest, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client gives informed consent, confirmed in writing. Md. Lawyers' Rules of Prof'l Conduct 1.7(a)(2) & (b)(1),(4). A conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited by the lawyer's personal interest. *See id.* The critical question is "whether a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or forecloses courses of action that reasonably should be pursued on behalf of the client." *Id.*

An actual conflict of interest exists because of Neverdon's claim to $63,333.33 of the forfeited assets. If the case

7

proceeded to trial and Bundy were convicted, Bundy could claim that Neverdon's financial interests in the forfeited assets prevented him from negotiating a favorable plea. If Bundy pled guilty, Bundy could claim that Neverdon encouraged the plea to protect his interest in the forfeited assets. Because Neverdon's financial interest would interfere with his exercise of independent professional judgment, he has a conflict of interest.

Neverdon contends that he should not be disqualified because Bundy has waived the conflict. A defendant may waive the right of conflict-free representation. *Reckmeyer*, 709 F. Supp. at 688. The waiver must be "voluntarily, knowingly, and intelligently done with sufficient awareness of the relevant circumstances and likely consequences." *Bridges v. United States*, 794 F.2d 1189, 1193 (7th Cir. 1986). The Court may, however, decline a proffer of waiver if it finds an actual conflict of interest. *Wheat v. United States*, 486 U.S. 153, 162 (1988). When a court finds a conflict of interest "which impairs the ability of a criminal defendant's chosen counsel to conform with the [the rules of professional responsibility], the court should not be required to tolerate an inadequate representation of a defendant." *Id*. Such representation "constitutes a breach of professional ethics . . . [and] it is also detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court."

*Id.* (*citing United States v. Dolan*, 570 F.2d 117, 1184 (6th Cir. 1978)).  Because of an actual conflict, Bundy's waiver will be rejected.  Accordingly, Neverdon will be disqualified as counsel for Bundy.

III. Conclusion

    For the following reasons, the Government's Application for a Protective Order for Substitute Asset and motion to disqualify counsel will be granted.

<u>September 2, 2008</u>                      <u>      /s/        </u>
Date                                      William D. Quarles, Jr.
                                          United States District Judge