IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

    v.                         CRIMINAL NO.: WDQ-08-0226

SEAN BUNDY, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Sean Bundy pled guilty to conspiracy to distribute and possess with intent to distribute heroin. He was sentenced to 292 months imprisonment and 10 years supervised release, and the Court ordered forfeiture of Bundy's assets. For the following reasons, Bundy's motion to vacate the forfeiture orders will be denied. His motion for default judgment will be denied.[1]

I.   Background

On August 5, 2009, Bundy pled guilty to conspiracy to distribute and possess with intent to distribute heroin, and the Court entered a preliminary forfeiture order, for 11 bank accounts, three watches, and a car. ECF No. 101. On April 21, 2011, the Court sentenced Bundy to 292 months imprisonment, 10 years supervised release, and a $100 special assessment. ECF No. 123. On April 22, 2011, the Court entered a final order of

---

[1] Bundy's motion for leave to file a surreply, ECF No. 158, will be granted.

forfeiture of the property listed in the preliminary order, and directing the United States to release $45,000 to a third-party petitioner for the forfeited funds.[2]

On April 27, 2011, Bundy filed a notice of appeal of his sentence and the preliminary and final forfeiture orders. ECF No. 27. On May 3, 2011, Bundy moved to modify his sentence. On May 11, 2011, the Court dismissed Bundy's motion to modify without prejudice.[3] ECF No. 138. On May 9, 2011, Bundy moved to vacate the preliminary and final forfeiture orders. ECF No. 135. On June 15, 2011, Bundy moved for default judgment on his motion to vacate the forfeiture orders. ECF No. 146.

II. Analysis

The government contends that the Court lacks jurisdiction over Bundy's claim because the matter is pending on appeal. This Court loses jurisdiction when the court of appeals gains jurisdiction:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it

---

[2] Bundy's former attorney, Russell Neverdon, Esquire, who had sought to recover attorney's fees from a civil suit. ECF Nos. 102, 103.

[3] The Court construed the motion as a 28 U.S.C. § 2255 motion to vacate and dismissed because "[a]bsent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case on direct appeal is pending." ECF No. 137 at 1.

confers jurisdiction on the court of appeals and
divests the district court of its control over those
aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).[4]

Bundy contends that Fed. R. Crim. P. 32.2 authorizes the Court to decide his motion. Bundy identifies four parts of Rule 32.2 that permit post-judgment modification of forfeiture matters. ECF No. 153 at 6. However, none authorizes the Court to vacate the order on Bundy's motion.

Rule 32.2(b)(4)(B) authorizes the Court to amend a sentencing judgment to reference a forfeiture order. It does not permit the Court to amend or reconsider the forfeiture order.

Rule 32.2(c) allows the Court to conduct ancillary proceedings to address third party claims to the forfeited property. It does not permit the Court to return property to the defendant or otherwise amend the forfeiture ordered.

Rule 32.2(d) permits the Court to stay its forfeiture order pending appellate review. Bundy did not request a stay in this case and the Rule does not enable the Court to vacate the order.

---

[4] "Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and *any action by the district court is a nullity.*" *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (emphasis added).

3

As Bundy argues, Rule 32.2(e) allows the Court to "amend an existing order of forfeiture" at any time, ECF No. 153 at 6, but only on the *government's* motion and only to include newly identified or substituted property in the order. Fed. R. Crim. P. 32.2(e). The defendant cannot invoke it, and it does not authorize reduction of the forfeiture.

Bundy's notice of appeal conferred jurisdiction on the Court of Appeals for the Fourth Circuit and removed this Court's jurisdiction over the sentence and forfeiture order. *See Griggs*, 459 U.S. at 58. Without jurisdiction, the Court cannot decide the motion.

Because the Court lacks jurisdiction over the motion to vacate, it will not grant default judgment on that motion.

The motion to vacate will be denied without prejudice. The motion for default judgment will be denied.

III. Conclusion

For the reasons stated above, Bundy's motion to vacate the forfeiture orders will be denied.

10/3/11
Date

William D. Quarles, Jr.
United States District Judge