IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-08-0226 |
| SEAN RONDELL BUNDY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Sean Rondell Bundy is presently serving a term of 292 months' incarceration for conspiracy to distribute and possession with intent to distribute heroin. (*See* ECF No. 123.) Presently pending before this Court are Bundy's Motion for Relief Pursuant to Rule of Criminal Procedure 36 (the "Rule 36 Motion") (ECF No. 376), and Motion to Appoint Counsel for Motion for Relief (ECF No. 423). In his Rule 36 Motion, Bundy seeks to correct allegedly erroneous entries in his Presentence Report ("PSR") and Plea Agreement. (*See* ECF No. 376.) He also requests resentencing as a consequence of correcting these putative clerical errors. (*See* ECF No. 376-1 at 6.) Last, he requests that Gerald Ruter, who is presently appointed as counsel for Bundy's Motion for Compassionate Release, be appointed to represent him in relation to his Rule 36 Motion. (ECF No. 423.) For the following reasons, both motions will be DENIED.

### I. Rule 36 Motion

At the time he was sentenced, Bundy's PSR and Plea Agreement reflected three convictions relevant to the presently pending Motions.[1] Namely, the Plea Agreement indicated

---

[1] Bundy's Plea Agreement also suggested that a conviction for "Sex Offense – Fourth Degree (January 22, 1996)" also constituted a career offender predicate (Plea Agreement at 3, ECF No. 376-2), but the Government withdrew this

1

that Bundy had been previously convicted of "(1) CDS: Possession with Intent to Manufacture (July 12, 2004); (2) Resisting Arrest (February 22, 2003); [and] (3) Maim: Assault and Beating (January 12, 1996)," and stated that all three offenses constituted predicates for applying a Career Offender enhancement to Bundy's sentencing range under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. (Plea Agreement at 3, ECF No. 376-2.) His PSR, in contrast, characterized the offense conduct of Bundy's 1996 conviction as assault, but similarly concluded that his assault conviction qualified as a career offender predicate. (*See* PSR ¶¶ 19, 27.)

Bundy argues that these documents are incorrect insofar as his 1996 conviction was not for assault with intent to maim, but only for simple assault—which he argues is not a career offender predicate. He submits a June 8, 2020 Order from the Circuit Court of Baltimore City which confirms and corrects this mistake in the Maryland Judicial Case Search under that court's authority to exercise "revisory power over the judgment in case of fraud mistake or irregularity." (*See* ECF No. 376-4 at 1.) Under Federal Rule of Criminal Procedure 36, this Court possesses a similar, but more limited authority to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Bundy requests that the Court use this authority to correct his PSR and Plea Agreement. (*See* ECF No. 376 at 1.)

### A. Propriety of Rule 36 Correction

Under Rule 36, "when an error is purely a 'clerical error in a judgment, order, or other part of the record,' ... a court is authorized to correct the error *at any time*." *United States v. Powell*, 266 F. App'x 263, 266 (4th Cir. 2008) (citing Fed. R. Crim. P. 36). "Such an error, however, may not be a judicial or substantive error but must be purely clerical." *Id.*

---

argument at the sentencing hearing and the Court will not address it further here. (*See* Apr. 21, 2011 Sentencing Hr'g Tr. at 11, ECF No. 152.)

2

*1. PSR*

The PSR is "an other part of the record amenable to correction under Rule 36" in the appropriate case. *See United States v. Vanderhorst*, 927 F.3d 824, 826 (4th Cir. 2019). However, because no clerical errors appear in Bundy's PSR, correction under Rule 36 is inappropriate. Specifically, Bundy's PSR does not state that he was convicted of assault with intent to maim. (*See* PSR ¶¶ 19, 27.) Rather, it incorrectly states that his conviction for assault constituted a predicate offense for determining that "defendant is a career offender within the meaning of U.S.S.G. § 4B1.1 of the guidelines." (*Id.* ¶ 19.) Even if this conclusion was erroneous, *see United States v. Aparicio-Soria*, 740 F.3d 152, 155–156 (4th Cir. 2014) (concluding that "the Maryland offense of second degree assault . . . categorically is not a crime of violence"),[2] it was an error as to the legal consequence of Bundy's assault conviction and therefore a "substantive" rather than "purely clerical" error. *Powell*, 266 F. App'x at 266. Correction of such an error lies beyond the province of Rule 36. *See Connor v. United States*, Crim. No. DKC-09-0424, 2011 WL 1322402, at *2 (D. Md. Apr. 1, 2011) (explaining that errors correctable under Rule 36 are "not [ ] one[s] of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature"); *see also United States v. Benton*, Crim. No. FDW-11-0365, 2021 WL 4900998, at *1 (W.D.N.C. Oct. 20, 2021) (denying Rule 36 correction where "the alleged errors that the Defendant has identified are substantive challenges to his conviction and sentence").

---

[2] At the time of Bundy's sentencing, the Fourth Circuit applied the modified categorical approach to Maryland convictions for common law assault. *See United States v. Harcum*, 587 F.3d 219, 224 (4th Cir. 2009). Under this approach, "common-law assault is not per se a 'violent felony'" but may be depending on the contents of "*Shepard* approved documents, such as a plea agreement or a plea transcript." *Id.* As explained below, the sentencing court did not resolve these questions because Bundy had two other career offender predicates independent of his disputed assault conviction. *See infra* Part I.B.

3

## 2. *Plea Agreement*

While Bundy's Plea Agreement does mistakenly state that he was convicted of "Maim: Assault and Beating (January 12, 1996)[,]" the Court concludes that correction of this error is an inappropriate exercise of its Rule 36 authority. (*See* Plea Agreement at 4); *see also* Fed. R. Crim. P. 36 (emphasis added) (providing that federal courts "*may* at any time correct a clerical error"). Rule 36 stems from the principle "that courts have the power and the duty to correct judgments which contain clerical errors." *Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958). While Rule 36 extends this power to orders and other parts of the record, the general phrase "other parts of the record" only includes documents that are of a "like kind or character as a 'judgment' or 'order.'" *Vanderhorst*, 927 F.3d at 826 (concluding that a PSR "constitutes an 'other part of the record'" for purposes of Rule 36). The common characteristic of the documents routinely corrected by Rule 36 motions is that they are generated by the court rather than the parties. *See Powell*, 266 F. App'x at 266 (collecting cases). It is thus logical for courts to amend those documents in the extremely rare instances that they contain clerical errors.

A plea agreement is not such a document. Rather, it "is essentially a contract between an accused and the government." *United States v. Lewis*, 633 F.3d 262, 269 (4th Cir. 2011). While it is ultimately submitted to the court, it is negotiated and drafted by the parties. *See United States v. Schaecter*, 891 F. Supp. 247, 250 (D. Md. 1995). Bundy provides no authority, and the Court has found none, for the proposition that a document attributable to a party (or both parties) can be corrected under Rule 36. Because the plea agreement differs fundamentally in "kind or character

4

[from] a 'judgment' or 'order,'" the Court will not correct the erroneous inclusion of a more severe offense in Bundy's Plea Agreement. *Vanderhorst*, 927 F.3d at 826.[3]

### B. Effect of Rule 36 Correction

Aside from failing to show the propriety of correcting any errors in the PSR and the Plea Agreement, Bundy's Rule 36 Motion faces an even more intractable problem: Rule 36 is intended to correct "scrivener's errors that *make a difference*." *Powell*, 266 F. App'x at 266 (emphasis added). While Bundy believes that correcting the PSR and the Plea Agreement would entitle him to resentencing, (*see* ECF No. 376-1 at 5–6), that is not the case.

Bundy's present request for resentencing relies on *Powell*, where the defendant was sentenced "as a career offender by having had two prior Maryland state felony convictions 'of a controlled substance offense.'" 266 F. App'x at 264. Years later, "Powell's counsel discovered that because of a clerical error in the state court, one of Powell's predicate offenses did not qualify as a 'controlled substance offense' under U.S.S.G. § 4B1.1(a)(3)." *Id.* at 265. Because this offense was necessary to application of the career offender enhancement, "Powell's sentence in federal court, imposed on the basis of the state court clerk's recording error, was over 10 years longer than it otherwise would have been." *Id.* at 266. The Fourth Circuit accordingly remanded for correction of the error and "resentenc[ing] in accordance with the corrected record." *Id.*

In later cases, however, the Fourth Circuit confirmed *Powell* only applied "when a clerical error likely resulted in the imposition of a longer sentence that would have been imposed absent the error." *Vanderhorst*, 927 F.3d at 827. Bundy's case is thus plainly distinguishable. Even assuming that the PSR's incorrect listing of Bundy's assault conviction as a career offender

---

[3] Even if the plea agreement technically were an "other part of the record," the Court's authority under Rule 36 remains discretionary, as it "*may* at any time correct a clerical error." Fed. R. Crim. P. 36 (emphasis added). Given that this error is ultimately inconsequential, the Court would decline to correct this error even if it had the authority to do so.

5

predicate constituted a clerical error,[4] that error did not result in the imposition of a longer sentence on Bundy.

A defendant is subject to a Career Offender enhancement under the Sentencing Guidelines if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G § 4B1.1(a). Bundy disputes whether the last of these conditions would have been satisfied had his PSR and Plea Agreement correctly indicated that his assault conviction was not a "prior felony conviction [for] a crime of violence." *Id.* However, as the sentencing transcript makes clear, the Court did not rely on Bundy's assault conviction. Instead, it relied on the fact that Bundy had "two clear predicates for career offender status, the resisting [arrest] and the felony drug [conviction]."[5] (*See*

---

[4] This error appears to have been repeated in a May 28, 2019 letter issued by the Office of Probation & Pretrial Services, wherein it was explained to Bundy that "your presentence report noted that you were determined to be a career offender . . . predicated on your 1996 conviction for Assault [ ] and your 2004 conviction for Possession with Intent to Distribute." (ECF No. 376-3 at 1.) However, that letter appears to simply reiterate the information listed (inaccurately) in the PSR, and therefore does not affect the conclusion here, i.e., that the Sentencing Court did not consider Bundy's assault conviction in finding that he qualified as a career offender.

[5] As the Government concedes, "other considerations would affect Mr. Bundy's status where [sic] a career offender analysis made today." (ECF No. 419 at 4.) Specifically, at the time Bundy was sentenced, the Sentencing Guidelines defined a predicate "crime of violence" to include *inter alia*, "burglary of a dwelling, arson, or extortion, involv[ing] use of explosives, or otherwise involv[ing] conduct that presents a serious potential risk of physical injury to others." *United States v. Jenkins*, 631 F.3d 680, 682 (4th Cir. 2011) (quoting U.S.S.G. § 4B1.2(a)(2) (2008)). The Fourth Circuit had confirmed that resisting arrest met this definition under the "otherwise involves conduct" prong. *Id.*

In 2015, however, the Supreme Court held that similar language in the Armed Career Criminal Act was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 606 (2015). The following year, the Sentencing Commission issued Amendment 798 to the Sentencing Guidelines. *See* U.S. SENT'G GUIDELINES MANUAL Amendment 798 (U.S. SENT'G COMM'N Aug. 1, 2016). This amendment removed the residual language relied upon in *Jenkins* and replaced it with an enumerated set of offenses that does not include resisting arrest. *Id.* Exploring the consequences of this change on Bundy's career offender status is, however, far beyond the scope of a Rule 36 Motion, which limits resentencing authority to circumstances where "correction of the [clerical] error, by itself, would have stripped the defendant of his career offender status" at the time of his initial sentencing. *Vanderhorst*, 927 F.3d at 828 n.2. Although the Court acknowledges the potential arguments on this score, it ultimately agrees with the Government that given the limited nature of Rule 36, "[a]nother procedural vehicle [is] more appropriate for engaging such considerations and applying post-2011 authority." (ECF No. 419 at 4.) The Court takes no position at this time on the merits of any such alternative motion.

Apr. 21, 2011 Sentencing Hr'g Tr. at 17, ECF No. 152.) Indeed, the Court studiously avoided "render[ing] an advisory opinion" as to whether Bundy's assault conviction was a career offender predicate, finding that issue was "theoretical because we've got what are clearly two qualifying predicates for the career offender status[.]" (*Id.* at 37–38.) Because the Court did not rely on Bundy's assault conviction during sentencing, any clerical error on that score did not "likely result[] in the imposition of a longer sentence that would have been imposed absent the error." *Vanderhorst*, 927 F.3d at 827.

In sum, Rule 36 is the wrong vehicle for the relief that Bundy seeks. No clerical errors appear in his PSR, and the clerical errors in his Plea Agreement likely fall outside this Court's revisory authority under Rule 36. Even if there were mechanical errors amenable to revision in either document, correcting the record with respect to Bundy's assault conviction would be merely aesthetic, as the sentencing court did not rely on that conviction in concluding that Bundy qualified as a career offender.

## II.   *Appointment of Counsel*

The fundamental flaws in Bundy's Rule 36 Motion also requires the Court to deny his associated motion seeking the appointment of counsel for his Rule 36 Motion. (ECF No. 423.) "It is well settled that a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 206 F.3d 724, 730 (4th Cir. 2000). Further, the Fourth Circuit has explained that the appointment of counsel is inappropriate where appointed counsel "would not have remedied the flaw[s] underlying [defendant's] motion." *United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012). The particulars of Bundy's situation further emphasize that the denial of counsel with respect to this motion would not prejudice his ability to effectively pursue relief.

As Bundy explains in his request for counsel, he is presently represented by Gerald Ruter with respect to a pending Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (*See* ECF No. 421 at 1.) Motions for compassionate release allow for far broader consideration of potential grounds for resentencing as, following the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). If Bundy has meritorious grounds for seeking a modification of his sentence, the appropriate vehicle for those arguments is likely his motion for compassionate release. (*See also* ECF No. 419 (opposing Rule 36 relief but "acknowledg[ing] that other considerations would affect Mr. Bundy's status [were] a career offender analysis made today").) As such, Mr. Ruter's efforts in representing Bundy are already focused on the appropriate avenue for pursuing any available relief and appointing him as counsel for a futile Rule 36 Motion would merely prove a distraction to that work. For this additional reason, the appointment of Mr. Ruter to Bundy's Rule 36 Motion will be denied.

### III.    Conclusion

For the foregoing reasons, Bundy's Motion for Relief Pursuant to Federal Rule of Criminal Procedure 36 (ECF No. 376), and Motion to Appoint Counsel (ECF No. 423), are DENIED.

DATED this 30 day of November, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge