IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-08-0226 |
| SEAN R. BUNDY, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Sean Bundy was appointed counsel for the purpose of submitting a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). However, over the last two and a half years, he has been appointed four different counsel for the purpose of submitting such motion, and is now represented by Gerald Ruter. The Court issues this Memorandum and Order to set in further scheduling with respect to that motion. In addition, currently pending before the Court is Mr. Bundy's "Motion for Appointment of New Counsel to Revisit 28 U.S.C. § 2255 / or Alternative Under 28 U.S.C. § 2241 Miscarriage of Justice and Prosecutorial Misconduct and in the Interest of Justice" ("Motion to Appoint Counsel"). (ECF No. 457.) The Court will grant the Motion to Appoint Counsel to the extent that it seeks to expand Mr. Ruter's representation. Further, the Court addresses additional motions that are currently pending.

### I. Motion to Appoint Counsel

The Court will briefly review the relevant procedural history. On June 1, 2021, Jose Molina—the third attorney appointed to represent Mr. Bundy with respect to filing a motion for compassionate release[1]—filed a Motion for Compassionate Release on behalf of Mr. Bundy. (ECF

---

[1] Jenifer Wicks was removed as counsel after Mr. Bundy claimed that "there was serious conflict of interest" and that he and "Ms. Wicks . . . had some heated arguments that could never be reconciled." (ECF No. 357.) Kwasi

No. 373.) On June 17, 2021, Mr. Bundy filed a Motion to Appoint New Counsel in which he sought to have Mr. Molina removed as his counsel because "there is a conflict of interest involved between him and [Mr.] Molina" and "Mr. Molina knows there is a conflict but failed to notify the Court trying to sabotage Mr. Bundy's defense." (ECF No. 375.) On June 24, 2021, Mr. Bundy also filed a *pro se* Motion for Relief Pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36 Motion"). (ECF No. 376.)

Mr. Ruter was then appointed to represent Mr. Bundy and, on August 19, 2021, Mr. Ruter advised the Court that "Mr. Bundy . . . requested that counsel supplement the initial submission of Mr. Molina." (ECF No. 397.) On August 23, 2021, the Court received correspondence from Mr. Bundy requesting that the Court "strike the brief filed by Mr. Molina" because it was "submitted without [Mr. Bundy's] consent and [with] inaccurate case history." (ECF No. 399.) Mr. Bundy explained that "Mr. Ruter can file his own opening compassionate release brief with the correct case history and state court documents." (*Id.*)

On December 1, 2021, the Court denied Mr. Bundy's Rule 36 Motion, and also denied his motion for appointment of counsel with respect to his Rule 36 Motion. (ECF No. 424.) Mr. Bundy appealed. (ECF No. 426.) The parties submitted a status report on February 28, 2022 in which Mr. Ruter advised that "[d]efense counsel has been directed by Mr. Bundy not to file a motion for relief under 18 U.S.C. § 3582(c) while Mr. Bundy's appeal . . . remains pending" and that "[d]efense counsel understands that Mr. Bundy prefers to receive adjudication of that appeal before pursuing sentence reduction under § 3582(c)." (ECF No. 432.) On September 26, 2022, the Fourth Circuit affirmed the Court's judgment with respect to Mr. Bundy's Rule 36 Motion. (ECF No. 438.)

---

Hawks was removed as counsel after Mr. Hawks filed a Motion to Withdraw Appearance in which Mr. Hawks noted that "[c]ounsel's failure to obtain medical records, and failure to promptly return original copies of written materials has irreparably severed the bonds of trust between counsel and the defendant." (ECF No. 365.)

2

On January 30, 2023, Mr. Ruter filed a status report explaining that he had begun drafting a motion for compassionate release, but that effort was derailed when Mr. Bundy emailed him to indicate that "counsel may have a potential conflict." (ECF No. 454 (quotations omitted).) The matter was referred for an attorney inquiry hearing. (ECF Nos. 455, 456.) The hearing was ultimately not conducted, but it was determined that Mr. Ruter would continue his representation of Mr. Bundy. (ECF No. 471.) Accordingly, Mr. Ruter presently represents Mr. Bundy.

Mr. Bundy also filed the pending Motion to Appoint Counsel. (ECF No. 457.) Although it is not entirely clear which arguments he seeks to raise, it appears that he is seeking appointment of counsel with respect to the Court's orders denying his § 2255 motion[2] and his Rule 36 Motion,[3] and with respect to an issue relating to his career offender status. (*Id.*) The Court will grant the Motion to Appoint Counsel insofar as it seeks to expand Mr. Ruter's representation. Therefore, although Mr. Ruter will not be directed to take up the particular issues raised in the Motion to Appoint Counsel, his representation will be expanded to encompass a review of any other potentially meritorious arguments relating to post-conviction relief.

Mr. Bundy is reminded that the Court does not permit "hybrid" representation wherein a defendant is represented partially by himself and partially by an appointed attorney. Accordingly, any motions or requests relating to post-conviction relief that he wishes to make must be presented to the Court only by his counsel.

## II.   Additional Pending Motions

In addition, there are several *pro se* motions currently pending. Mr. Bundy's Motion for Partial Summary Judgment to Vacate Portion of Sentence Under Second 2255 (ECF No. 241)[4] will

---

[2]   The Fourth Circuit denied a certificate of appealability and dismissed Mr. Bundy's appeal. (ECF No. 344.)

[3]   As noted, the Fourth Circuit affirmed the Court's order on Mr. Bundy's Rule 36 Motion. (ECF No. 438.)

[4]   Mr. Bundy has filed several § 2255-related motions and correspondences.

be denied. It appears to be a supplement to his § 2255 motion and raises questions regarding whether resisting arrest is a crime of violence, an issue the Court considered in denying his § 2255 motion. (*See* ECF No. 320.) Mr. Bundy's Motion to Amend/Correct (ECF No. 242) will be granted, as it sought to correct the title of a previously-filed motion. Mr. Bundy filed two Motions for Default Judgment (ECF Nos. 259, 260) in connection with a correspondence he filed pursuant to Rule 36 in which he challenged portions of his presentence report ("PSR"). (ECF No. 248.) A motion for default judgment is not an appropriate procedural vehicle through which to challenge alleged errors in his PSR, and thus, the Motions for Default Judgment will be denied.[5]

Accordingly, it is ORDERED that:

1. Mr. Bundy's Motion to Appoint Counsel (ECF No. 457) is GRANTED to the extent that it seeks an expansion of the scope of Mr. Ruter's representation;

    a. Mr. Ruter is APPOINTED to represent Mr. Bundy with respect to post-conviction relief, not limited to a motion for compassionate release. However, in expanding the scope of Mr. Ruter's representation of Mr. Bundy, the Court does not direct Mr. Ruter to take up any particular arguments that Mr. Bundy raised in his Motion to Appoint Counsel.

2. Mr. Bundy (through Mr. Ruter) is DIRECTED to file any appropriate motions or a status report by June 5, 2023;

3. Mr. Bundy's Motion for Partial Summary Judgment to Vacate Portion of Sentence Under Second 2255 (ECF No. 241) is DENIED;

4. Mr. Bundy's the Motion to Amend/Correct (ECF No. 242) is GRANTED; and

5. Mr. Bundy's Motions for Default Judgment (ECF Nos. 259, 260) are DENIED.

---

[5] To the extent that Mr. Bundy wishes to raise additional Rule 36 arguments that the Court has not already addressed, he must do so through his appointed counsel.

4

DATED this 3 day of April, 2023.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge